# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| JOHN MICHAEL BESHEARS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:17-05048-CV-RK ) |
| ANDREW PATRICK WOOD, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Andrew P. Wood's Motion to Dismiss and suggestions in support. (Docs. 3, 4.) Wood seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff's Complaint (doc. 1) fails to state a claim upon which relief can be granted. Plaintiff John H. Beshears filed suggestions in opposition (doc. 10), and Wood filed a reply (doc. 14). Upon review, the motion is **GRANTED in part** and **DENIED in part**.

## Background

On September 28, 2016, Beshears initiated an earlier lawsuit in this district against Wood, Case No.: 3:16-cv-05109-RK. Beshears alleged two counts against Wood, who is a licensed attorney in the State of Missouri: legal malpractice and breach of fiduciary duty/constructive fraud. On March 6, 2017, Beshears filed his first amended complaint, alleging the same two counts. On May 3, 2017, this Court dismissed Beshears' action for failure to state a claim upon which relief can be granted. On June 22, 2017, Beshears filed the instant action, again alleging the same two counts against Wood.

Beshears makes the following allegations in his Complaint. On June 26, 2009, Beshears was injured in an automobile accident, which also resulted in the death of his wife. (Doc. 1 at ¶ 4.) On July 1, 2009, Wood, on behalf of Charles V. Reynolds and Ruth Ann Reynolds (the "Reynolds"), filed a petition for appointment of guardianship of Beshears and conservatorship of the estate of Beshears in the Probate Court of McDonald County, Missouri (the "probate court"). (*Id.* at ¶¶ 7-10, 20.) On July 7, 2009, the probate court appointed the Reynolds as co-guardians of Beshears and co-conservators of his estate. (*Id.* at ¶ 10.) On October 3, 2012, Beshears was

restored to his full rights and capacities. (*Id.* at ¶ 12.) At some point prior to Beshears being restored, Beshears retained Jason Higdon to represent him in the probate action. (*Id.* at p. 18.)

Prior to the June accident, Wood "had been the personal and professional attorney for [Beshears] and his wife for a number of years, representing them concerning their assets which were the subject of the conservatorship, and continued in that relationship" with him throughout the guardianship and conservatorship of the Reynolds. (*Id.* at ¶ 13.) In particular, at the time of the accident, Wood was representing Beshears and his wife in case number 07NW-CV02181, *Beshears, et al. v. Clark & Sons Constr.*, in the Circuit Court of Newton County, Missouri, and continued to represent Beshears in that civil case until judgment on July 19, 2012. (*Id.* at ¶ 14-15.)

Before the Reynolds' appointment, at Beshears' request while he was in the hospital, Wood agreed to protect Beshears' interests while he was ill. (*Id.* at ¶ 16.) During the Reynolds' appointment, Beshears sought legal advice from Wood on numerous occasions regarding how to dissolve the guardianship and conservatorship of the Reynolds (*id.* at ¶ 17); Wood "intended to undertake and in fact did give [Beshears] advice on how to dissolve" the guardianship and conservatorship and further told him Wood would "take care of it" (*id.*); Wood represented to others that he was Beshears' attorney (*id.* at ¶ 21); and "Wood had [Beshears] attempt to prepare the annual Report which was due from the Reynolds which could not be done from the records provided by the Reynolds" (*id.* at ¶ 19). At no time until Wood withdrew as counsel for the Reynolds did Wood advise Beshears he could not discuss the guardianship or conservatorship with Beshears because of any conflict or because he represented the Reynolds. (*Id.* at ¶ 18.)

In addition to these allegations, Beshears supports both counts with several factual allegations regarding Wood's actions and/or failure to act in the proceedings before the probate court. (*Id.* at ¶¶ 25, 30.) Beshears seeks actual damages from Wood for loss of assets, damages to assets, and emotional stress, along with punitive damages.

### Discussion

**A.** **Legal Standard**

For a pleading to state a claim for relief, it must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013) (citing FED. R. CIV. P. 8(a)(2)). The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.     Count 2 – Breach of Fiduciary Duty/Constructive Fraud**

Wood contends Count 2 should be dismissed for failure to state a claim upon which relief can be granted because the claim of fiduciary duty is subsumed by the claim for legal malpractice under Missouri law.

The elements of a legal malpractice action are: (1) an attorney-client relationship; (2) negligence or breach of contract by the attorney; (3) proximate causation of client's damages; and (4) damages to the client. *Klemme v. Best*, 941 S.W.2d 493, 495 (Mo. en banc 1997). Whether characterized as breach of fiduciary duty or constructive fraud, the elements of such a claim are: (1) an attorney-client relationship; (2) breach of a fiduciary obligation by the attorney; (3) proximate causation; (4) damages to the client; and (5) no other recognized tort encompasses the facts alleged. *Id*. at 496. If the alleged breach can be characterized as both a breach of the standard of care (legal malpractice based on negligence) and a breach of a fiduciary obligation, then the sole claim is legal malpractice. *Id*. However, a plaintiff may bring separate claims for legal malpractice and a constructive fraud where the alleged breach of fiduciary duty is independent of any legal malpractice. *Id.*

Here, as in the earlier lawsuit, Beshears sets forth the exact same allegations of negligence in Count 1, Paragraph 25, as the allegations of breach of fiduciary duty/constructive fraud in Count 2, Paragraph 30, and fails to plead an independent factual basis in support of Count 2. (Doc. 1 ¶¶ 25, 30.) As the basis for his breach of fiduciary/constructive fraud claim, Beshears specifically cites the following factual allegations regarding Wood's actions and/or failure to act in the proceedings before the probate court:

a.   "[Wood] failed to have [Beshears] served with proper notice of the hearing on July 7, 2009 and thus failed to obtain personal jurisdiction over [Beshears] to allow [the probate court] to properly proceed;"

b.   "[Wood] failed to investigate the qualifications and reliability of the Reynolds to perform the duties of Guardian and Conservator for [Beshears];"

c.   "[Wood] failed to require a bond in an estate that he was aware had a value of in excess of $2,000,000.00;"

d.   "[Wood] failed to have the Reynolds obtain an appraisal of the assets of the Estate of [Beshears];"

e. "[Wood] failed and allowed an Inventory and Appraisement of the Estate of [Beshears] to be filed with a false valuation . . . ;"

f. "[Wood] failed to file or require to be filed an annual settlement in the Estate of [Beshears];"

g. "[Wood] prepared a will for [Beshears] to sign while [Beshears] was in the hospital which had not been discussed or agreed to prior by [Beshears];"

h. "[Wood] failed to require the Reynolds to file an annual guardian report . . . which would have notified [the probate court] that the guardianship was no longer required;"

i. "[Wood] knew of the emotional distress that the Reynolds were intentionally inflicting upon [Beshears] and advised [Beshears] that he would take care of the situation, because [he] knew . . . [Beshears] was no longer incapacitated or disabled but then failed to act;"

j. "[Wood] failed to advise [the probate court] of his conflict of interest during the entire time of the Estate and yet still claimed a fee for his services in the Estate;" and

k. "[Wood] failed to keep the Reynolds from misappropriating monies from [Beshears' estate] . . . and failed to require [the Reynolds] to account for those funds."

(Doc. 1 ¶¶ 25, 30.)

Beshears asserts his Complaint states a cause of action for breach of fiduciary duty/constructive fraud because he alleges the breach of the duty of loyalty "in that [Wood] was aware of the conflict of interest in his representation of both Beshears and the Reynolds on the same matters." (Doc. 10 at p. 6.) However, Beshears fails to allege distinct allegations from those related to his legal malpractice claim. Rather, Wood's alleged breach of fiduciary duty/constructive fraud is dependent on Wood's failures in exercising the requisite professional duty of care. Therefore, the alleged breach cannot support a claim for both constructive fraud and legal malpractice. *See Klemme*, 941 S.W.2d at 496. As a result, Count 1 for legal malpractice encompasses the only facts alleged, and is the sole claim allowed under Missouri law. For these reasons, Count 2 will be dismissed.

**C. Count 1 – Legal Malpractice**

Wood argues that Count 1 fails to state a claim upon which relief can be granted because Beshears has failed to allege the existence of an attorney-client relationship between Beshears and Wood in the probate action, and the facts alleged actually establish that no attorney-client relationship existed.

4

An attorney-client relationship is an essential element of an action for legal malpractice. *Klemme*, 941 S.W.2d at 495. Representation of a client in unrelated matters does not establish that an attorney represented the client in regard to the matters at issue. *Donahue v. Shughart, Thompson & Kilroy, P.C.*, 900 S.W.2d 624, 626 (Mo. en banc 1995). Rather, an attorney-client relationship exists when a person seeks and receives legal advice and assistance from a lawyer who intends to give legal advice and assistance to the person. *Id.* In addition, "belief in an attorney-client relationship is insufficient to create such a relationship." *Mid-Continent Cas. Co. v. Daniel Clampett Powell & Cunningham, LLC*, 196 S.W.3d 595, 599 (Mo. App. 2006) (citation omitted).

Upon review of the allegations in Beshears' Complaint, in contrast to Beshears' earlier lawsuit, the Court finds Beshears' allegations sufficient to allege the existence of an attorney-client relationship between Beshears and Wood as to the probate action. Although the Complaint does not allege Wood directly represented Beshears before the probate court, Beshears alleges, among other things, Wood was his personal attorney concerning his assets for a number of years which continued throughout the guardianship and conservatorship, Wood agreed to protect Beshears' interests while he was ill in the hospital before the Reynold's appointment, Beshears sought and received legal advice from Wood on how to dissolve the guardianship and conservatorship, and Wood intended to undertake and did in fact give that legal advice to Beshears. If Beshears is able to prove he sought and received legal advice and Wood intended to undertake to give that advice on Beshears' behalf, the attorney-client relationship might be found to exist as to the probate action. *See Donahue*, 900 S.W.2d at 626.

Based on Beshears' allegations, the Court is not persuaded by Wood's arguments. First, Beshears' allegations are sufficient per the *Iqbal*/*Twombly* standard despite the fact that Beshears admits Wood represented the Reynolds in the guardianship/conservatorship proceedings before the probate court and that Beshears hired another attorney, Jason Higdon, to represent him in the probate action at some point. These allegations do not necessarily foreclose the possibility of an attorney-client relationship between Beshears and Wood during the entirety of the probate action. Consequently, Beshears has sufficiently stated a claim for legal malpractice in Count 1.

Before concluding, the Court must address one additional request as to its dismissal of Count 2. Wood asks that a dismissal be with prejudice, arguing that no amount of amendment will alter these facts, and amendment would be an exercise in futility. At this time, despite

5

Beshears' earlier lawsuit, the Court cannot determine that amendment would be futile. Thus, as a result, the dismissal will be without prejudice.[1]

## Conclusion

Accordingly, it is **ORDERED** that Defendant Andrew P. Wood's Motion to Dismiss (doc. 3) is **GRANTED in part and DENIED in part**. Count 2 is **DISMISSED** insofar as it is subsumed by Count 1, which is the sole claim allowed under Missouri law. In all other respects, the motion is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 14, 2017

---

[1] In Wood's Motion to Dismiss (doc. 3), he claims to the extent Beshears seeks the return of property under the jurisdiction of the probate court, his claims should be dismissed because this Court lacks jurisdiction over that property. While this may be true, Wood provides no further discussion or support for this claim in his suggestions. Consequently, at this time, the Court has insufficient information to address this claim.