IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL BESHEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-05048-CV-RK |
| | ) | |
| | ) | |
| ANDREW PATRICK WOOD, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On August 10, 2018, Plaintiff sought leave from the Court to file his Expert Designation out of time. (Doc. 44.) The Court allowed Plaintiff to file his expert designation out of time, and the Court required that the amended expert report include specific additions to ensure the report complied with Fed. R. Civ. P. 26(a)(2)(B)'s requirements.[1] (Doc. 52.) On September 24, 2018, Plaintiff filed his amended expert report. (Doc. 54.) Now before the Court is Defendant's Motion to Strike Plaintiff's Amended Expert Report. (Docs. 62, 63.) Suggestions in opposition and reply suggestions were filed. (Docs. 67, 69.) After careful consideration, and for the reasons below, Defendant's Motion to Strike Plaintiff's Amended Expert Report (docs. 62,63) is **GRANTED in part** and **DENIED in part**.

### Discussion

Defendant argues Plaintiff's expert report does not comply with Rule 26(a)(2)(B)'s mandatory requirements. Rule 26 requires an expert report to contain the following material:

(i) "A complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) The facts or data considered by the witness in forming them;
(iii) Any exhibits that will be used to summarize or support them;
(iv) The witness's qualifications, including a list of all publications authored in the previous 10 years;

---

[1] The Court required Plaintiff to incorporate the following additions into his expert report: (1) exhibits used by the expert in summarizing or supporting his opinion; (2) a list of publications written by the expert within the last ten years; (3) a list of all other cases the expert has testified as an expert in trial or deposition within the last ten years; and (4) the compensation the expert received for reviewing the case and compiling his expert report. (Doc. 52.)

1

> (v) A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) A statement of the compensation to be paid for the study and testimony of the case."

Fed. R. Civ. P. 26(a)(2)(B). The purpose of rule 26(a)(2)(B) concerning expert reports "is to allow the opposing party to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *Tactical Stop-Loss LLC et al., v. Travelers Cas. and Sur. Co. of America*, 2010 WL 427779, at *1 (W.D. Mo. Feb. 2010) (internal quotations and citations omitted). The requirements listed in Rule 26(a)(2)(B) are mandatory, and the party presenting the expert report cannot use the witness unless the failure was harmless or substantially justified. *Id.*; Fed. R. Civ. P. 37(c). To determine whether the failure to comply with one or more of Rule 26(a)(2)(B)'s requirements is harmless or substantially justified, the Court considers four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life. Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Defendant argues the first four requirements of Rule 26(a)(2)(B) are lacking from Plaintiff's expert report, thus the report should be stricken. Plaintiff argues the expert report fully complies with Rule 26's requirements. The Court will address each of the disputed requirements in turn.

### (i) A complete statement of all opinions the witness will express and the basis and reasons for the witness's opinion.

First, Defendant argues the expert report is not a complete statement of all opinions the witness will express because the witness's expert report states, "I believe there needs to be a further investigation as to the funds which were expended from Mr. Beshears checking account." Defendant argues this is improper and goes against Rule 26's rationale which requires the expert report to be a full and complete statement of the witness's opinion to allow the opposing party to rebut the witness's testimony. Defendant argues if the witness is allowed to do further investigation after this report is published, then Defendant will be prejudiced because it will not be able to rebut the new testimony that is not listed in the current expert report. The Court agrees with Defendant. Plaintiff's expert should not be able to complete a later investigation and opine on that at trial without Defendant being afforded the opportunity to depose the witness or provide an expert on its own to rebut the witness. *See Malibu Media, LLC, v. Harrison*, 2014 WL 5598582,

at *4 (S.D. Indiana Nov. 3, 2014) (The court held an expert report which stated the witness will testify about anything he discovers during a future computer hard drive search will form part of his opinion was prejudicial to the opposing party. The court held "the presentation of this undisclosed evidence would impair Defendant's ability to appropriately respond to Plaintiff's arguments . . . further, to avoid being 'ambushed' with new evidence on motion or at trial, Defendant would need to depose [] [expert] and explore at length his investigation of Defendants' computers and devices, above and beyond the investigation described in the [] [expert] report . . . [t]his contravenes the purpose of Rule 26(a)(2)(B) disclosures"). In *Malibu*, the Court found the expert would not be allowed to present evidence concerning "anything he may discover" after reviewing the hard drives. *Id.* at 5. Likewise, here Plaintiff's expert witness should not be entitled to produce evidence on anything the witness finds upon "further investigation" as to funds expended from Mr. Beshears' checking account.

Next, Defendant argues the expert report does not state what facts or data the witness relied on, and instead, provides general statements that the exhibits were used to support the witness's opinion without specifying which documents from which exhibits were referenced. Defendant argues the following language in the report is insufficient to comply with Rule 26's requirements, "The information which I have considered is listed in the above report, came from the discussions I have had with the Plaintiff and the documents which he and his counsel have produced." The Court agrees the report must specify which document and corresponding exhibits were used by the witness in forming his opinion as opposed to a general statement that all exhibits in the exhibit list were used. Defendant should not be required to sift through all exhibits to find which document corresponds to each portion of the expert's opinion. For example, the expert report states, "Mr. Wood glossed over the value and nature of Mr. Beshears' assets, and leaving out three bank accounts, stock in Wal-mart, . . . and multiple parcels of real estate which Mr. Wood never attempted to have appraised." In the above example the report does not identify which bank accounts, stock in Wal-mart, or which parcels of real estate the Defendant allegedly left out of the value calculation of the estate.

Because the witness has already reviewed the exhibits and knows which documents support each position of his opinion, supplementing the report with this information would not be burdensome. Accordingly, Plaintiff is **ORDERED** to supplement his expert report and state which documents from which corresponding exhibit were used to support each specific opinion. While

3

the Court will not list each specific portion of the report which needs a reference to an exhibit and document, the Court directs Plaintiff to ensure each opinion in the report clearly references what document and exhibit were used to support the underlying fact or opinion.

**(ii)    The facts or data considered by the witness in forming the witness's opinion.**

The description and specificity of exhibit references throughout the expert report is discussed in Section (i) of this Order. Therefore, the Court's directive concerning Section (i) applies here.

**(iii)   Any exhibits that will be used by the expert to summarize or support the witness's opinion.**

Defendant argues Plaintiff did not produce the following documents with his expert report: (1) the "First Community Bank record showing Charles Reynolds as beneficiary"; (2) the "thumb drive with Reynolds records provided to Plaintiff"; (3) the "Probate file on John Michael Beshears"; and (4) the "Wood letter to Shelter Insurance 8-19-2009." (Doc. 54, at 7.) Plaintiff alternatively argues Defendant is in possession of all exhibits listed in the report.

First, as to the bank record, Plaintiff has produced a First Community Bank Record form that designates *Ruth* Reynolds as the beneficiary, as opposed to the allegedly missing bank form that designates *Charles* Reynolds as beneficiary. Defendant is unsure if the document is misidentified and Defendant is in possession of the correct document, or a similarly document naming Charles Reynolds as beneficiary exists which Defendant does not possess. Next, Plaintiff argues the thumb drive was produced to Defendant, but Defendant argues he does not have the thumb drive. Defendant then argues that even Plaintiff had produced the thumb drive and the probate file, the report does not provide detail regarding what particular records and portions of the probate file the witness relied on in forming his opinion.

The Court believes this dispute is better resolved without Court involvement. The parties should discuss what documents the Defendant is and is not in possession of as well as if the documents in the exhibit list are correctly identified. Any documents the Defendant is not in possession of must be provided to Defendant within five days of the date of this Order.

Next, the Court finds merit in Defendant's concern that the opinion does not provide what records in the thumb drive and portions of the probate file the expert relied on. However, the Court does not believe this absence merits striking the entire expert report. Accordingly, Plaintiff's witness is directed to file a modified expert report designating which document and corresponding exhibit support each portion of his opinion as directed for in Section (i) of this Order.

> **(iv)** **The witness's qualifications, including a list of all publications authored in the previous ten years.**

Plaintiff's expert witness report states that the expert "has no publications within the last ten years, other than several articles which I wrote for the Magazine for the Missouri Sheriff's Association concerning legal issues for law enforcement officers, copies of which I no longer have." (Doc. 54.) Defendant argues the absence of these publications renders the expert report deficient under Rule 26, and the report should be stricken. Defendant relies on *Tactical Stop-Loss LLC* in support of his position because the court found a report stating "various and occasional articles of op-ed pieces . . . [with] exact titles and dates unknown" was insufficient to comply with Rule 26. 2010 WL 427779, at *2. However, *Tactical Stop-Loss LLC* is distinguishable on this matter. In *Tactical Stop-Loss LLC*, the reports were concerning topics that were relevant to the litigation; specifically, the litigation concerned an insurance coverage dispute and the expert witness was an insurance expert with publications concerning insurance coverage. *Id.* Here, the publications written by the witness are unrelated to the material in this case.

While these publications' titles are missing from the report and Rule 26 requires their production, the Court finds their absence from the report harmless. See Fed. R. Civ. P. 37(c); *Tactical Stop-Loss LLC et al.*, 2010 WL 427779, at *1. The Court is strongly persuaded by the first factor, prejudice, or lack thereof. Here, Defendant will not be prejudiced without a list of the publications because the report describes the publications' subject matter, thus only their titles are missing, and further, the subject matter is unrelated to this witness's testimony and this litigation. Next, the witness is unable to cure this omission because the witness does not have access to the articles or their titles. As to the third factor, trial disruption on this matter is unlikely because the publications do not relate to this litigation and will not be used by either side in presenting their case or in cross-examination. Finally, the Court does not find any evidence of bad faith on the part of the Plaintiff concerning the absence of the publications' titles. Accordingly, Plaintiff does not need to supplement the expert report with the publications' titles.

## Conclusion

Accordingly, Defendant's Motion to Strike Plaintiff's Amended Expert Report is **GRANTED in part** and **DENIED in part**. Specifically, the following is hereby **ORDERED**:

(1) Plaintiff's witness cannot testify concerning findings that result from "further investigation as to the funds which were expended from Mr. Beshears' checking account that have not been specified in the amended expert report (doc. 54).

(2) Plaintiff is directed to amend the expert report to include reference to each document/s and corresponding exhibit/s used to support each specific opinion. The amended expert report with these modifications is due within seven (7) days of the date of this Order.

(3) The parties should discuss what documents and exhibits Defendant does and does not possess. Any document or exhibit listed in the exhibit list that Defendant does not possess should be provided to Defendant within five (5) days of the date of this Order. **IT IS SO ORDERED.**

                                                s/ Roseann A. Ketchmark
                                                ROSEANN A. KETCHMARK, JUDGE
                                                UNITED STATES DISTRICT COURT

DATED: October 17, 2018