IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JOHN MICHAEL BESHEARS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:17-05048-CV-RK ) |
| ANDREW PATRICK WOOD, | ) ) |
| Defendant. | ) |

## ORDER

This is a legal malpractice action brought by Plaintiff John Beshears against Defendant Andrew Wood. Before the Court are Wood's Motion for Summary Judgment (Doc. 42) and Wood's Motion for Sanctions (Doc. 80). The motions are fully briefed, and the Court heard oral argument. (Docs. 43, 78, 79, 81, 84; D.E. 86, Minute Entry.) For the reasons below, the motion for summary judgment is **GRANTED** and the motion for sanctions is **DENIED**.

**I.     Motion for Summary Judgment**

### Background

Wood, a citizen of Missouri, is licensed to practice law in Missouri. Beshears, a citizen of Arkansas, brings this action against Wood for legal malpractice.[1] Beshears' allegations for legal malpractice against Wood relate to a probate action involving the appointment of a guardian for Beshears and conservator of his estate following an automobile accident. *In re John M. Beshears*, Case No. 09MC-PR00045.

On June 26, 2006, Beshears and his wife, Sue Beshears (Sue), were injured in an automobile accident which killed Sue and left Beshears in a coma. On June 30, 2006, Wood, as the attorney for Charles and Ruth Reynolds, filed a petition in the McDonald County, Missouri, Probate Division seeking appointment of Charles and Ruth Reynolds as co-guardians of Beshears and co-conservators of his estate. Thereafter, and on that same day, the Probate Division ordered a hearing on the Reynolds petition and appointed attorney Erin Willis to represent Beshears.

---

[1] The Court has diversity jurisdiction over this matter in that the parties have diverse citizenship and the amount in controversy is in excess of $75,000. (*See* Doc. 1.)

Beshears asserts Wood was already his attorney at the same time when Wood represented the Reynolds in the probate action. According to Beshears, "this dual representation was known to be a conflict of interest by [Wood] and [Wood] never obtained permission from either of his clients to represent both." (Doc. 1 at ¶ 22.) Beshears asserts that Wood committed numerous acts of negligence and malpractice against Beshears in Wood's performance regarding the probate action. Beshears asserts that, among other things, Wood was negligent in failing to investigate the qualifications of the Reynolds to serve as guardian and conservator and in failing to keep the Reynolds from misappropriating monies from Beshears' estate. Beshears' Complaint initially asserted two separate counts: legal malpractice and breach of fiduciary duty/constructive fraud. The Court previously found that Beshears' claim for breach of fiduciary duty was subsumed by his claim for legal malpractice. (Doc. 22.) After which, the case proceeded with discovery on the single claim for legal malpractice. Wood moves for summary judgment arguing that Beshears has not made a submissible case for legal malpractice.

## Standard for Summary Judgment

Under Fed. R. Civ. P. 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* "[A] dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To determine if a dispute about a material fact is genuine, the court's function is not "to weigh the evidence" but to "view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (citations omitted).

"Once the movant fulfills its responsibility of informing the court of the basis for its motion, identifying the portions of the record that demonstrate the absence of a genuine issue of material fact, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 857 (8th Cir. 2018) (quotation marks and citations omitted). "The mere existence of a scintilla of evidence" to support a party's position on a material fact is not sufficient to create a genuine dispute as to that purported fact. *Anderson*, 477 U.S. at 252. Similarly, there is not a genuine

dispute as to a fact if the evidence makes the party's position on the fact merely colorable, or if the evidence is not significantly probative. *Id.* at 249-50. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**Discussion**

Wood presents two arguments to support his position that Beshears has not made a submissible claim for legal malpractice. First, Wood contends that Beshears cannot make a submissible case against him for legal malpractice because Beshears failed to file expert designations. In response, Beshears points out that he was permitted to file a belated expert report after Wood's motion was filed. (Docs. 52, 54.) Wood's reply does not respond to Beshears' point that an expert report has now been submitted. (Doc. 79.) Wood, by his reply, appears to abandon his first argument. The Court therefore need not address Wood's first argument.

As his second argument for summary judgment, Wood contends that Beshears has failed to produce evidence demonstrating that an attorney-client relationship existed between Wood and Beshears regarding the probate action. Beshears does not address Wood's second argument in his opposition brief. Although Beshears' brief is silent regarding the second argument, summary judgment is not appropriate solely on the basis of the responding party's default. *See* Fed. R. Civil P. 56(e). Before summary judgment is appropriate, the Court must determine the merits of Wood's argument based on the uncontroverted facts and the applicable law governing legal malpractice claims.

    A.    **Uncontroverted Facts**

The parties have each submitted evidence to support or controvert their respective statements of fact set forth in the briefs. The Court determines that the uncontroverted facts which are properly supported and material to the resolution of the motion are as follows. Legal conclusions and argument offered as a statement of fact have been omitted.

At the time of his accident in June 2009, Wood had been representing Beshears as an attorney in matters with Barry Clark. Four days after the accident, on June 29, 2009, Wood was contacted by Ruth Reynolds. On June 30, 2009, Wood met with Ruth and Chuck Reynolds and decided to represent the Reynolds in the probate action at issue involving Beshears. Wood had

not met the Reynolds before they came to his office that day. At the outset of the probate action, the probate court appointed Erin Willis as counsel for Beshears. (Docs. 79-2, 79-3.) "Wood was aware that [Sue and John] Beshears had just received $500,000.00 for the sale of property near the Wal-Mart in Neosho and that he still had property near" there. (Doc. 78 at 6; Doc. 79 at 4.) On July 6, 2009, Wood acknowledged that he was the attorney for Beshears "in regard to their property issues around the Wal-Mart in Neosho." (Doc. 78 at 15.)

### B. Law Governing Legal Malpractice Claims

The Court considers Wood's argument that Beshears cannot make a submissible case for legal malpractice in accordance with the law governing legal malpractice claims. Because jurisdiction in this case is based on diversity, the Court applies the law of the forum state, Missouri. *See Rosemann v. Sigillito*, 785 F.3d 1175, 1179 (8th Cir. 2015). Under Missouri law, Beshears is required to "to prove '(1) that an attorney-client relationship existed; (2) that defendant acted negligently or in breach of contract; (3) that such acts were the proximate cause of the plaintiff['s] damages; [and] (4) that but for defendant's conduct the plaintiff[] would have been successful in prosecution of their underlying claim.'" *Nail v. Husch Blackwell Sanders, LLP*, 436 S.W.3d 556, 561 (Mo. banc 2014) (quoting *Donahue v. Shughart, Thomson & Kilroy, P.C.*, 900 S.W.2d 624, 626 (Mo. banc 1995)). Accordingly, that an attorney-client relationship existed between Wood and Beshears in the probate action is "an essential element of his case with respect to which he has the burden of proof." *See Celotex Corp.*, 477 U.S. at 323.

### C. Beshears Has Not Submitted Evidence To Show A Genuine Issue Regarding the Existence of an Attorney-Client Relationship

The Court is tasked with determining whether, under Missouri law, Beshears has made a sufficient showing on the existence of the attorney-client relationship in the probate action. "[A]n attorney-client relationship exists when a person seeks and receives legal advice and assistance from a lawyer who intends to give legal advice and assistance to the person." *Fox v. White*, 215 S.W.3d 257, 261 (Mo. App. 2007) (citation omitted). "The relation between a lawyer and his client is a delicate and exacting one, highly personal." *Mid-Continent Cas. Co. v. Daniel Clampett Powell & Cunningham, LLC*, 196 S.W.3d 595, 598 (Mo. App. 2006). Mere "belief in an attorney-client relationship is insufficient to create such a relationship." *Id.*

Viewing the evidence in the light most favorable to him, Beshears has not submitted evidence that support specific facts showing that there is a genuine issue for trial on the attorney-

4

client relationship element.[2]  First, Beshears' expert report does not create a genuine issue of material fact on this point.[3]  *See S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) (expert opinions that amount to legal conclusions are inadmissible); *Boone v. Moore*, 980 F.2d 539, 542 (8th Cir. 1992) (expert report not admissible to establish the truth of the material relied upon by the expert).  Second, evidence that Wood had represented Beshears in the past regarding Beshears' property is not significantly probative of whether Wood represented Beshears in the probate action at issue.  *See Donahue*, 900 S.W.2d at 626 (representation in unrelated matters insufficient to establish an attorney represented the client regarding another matter).

Similarly, evidence that Wood represented Beshears regarding Beshears' personal injury claim against the other driver in the accident is not significantly probative of whether Wood represented Beshears in the probate action at issue.  *See id.*  Also related, evidence that Wood knew of the potential value of Beshears' estate through earlier representation is insufficient.  *See Mid-Continent Cas. Co.*, 196 S.W.3d at 599 (discussions about the subject-matter of litigation is not enough to give rise to an attorney-client relationship).  The summary judgment record lacks evidence to support specific facts that Beshears received legal advice or assistance from Wood, or that Wood intended to provide such advice or assistance on Beshears' behalf.[4]

---

[2] The Court has reviewed the entire summary judgment record related to the existence of an attorney-client relationship.  The record is limited and includes, but is not limited to, the following documents: portions of Wood's deposition transcript (Doc. 79-1, Doc. 78 at 9-13); court filings in the probate action (Doc. 79-2, Doc. 79-3, 79-4, 79-5); Wood's Memo to File Regarding John M. Beshears, dated June 30, 2009 (Doc. 78 at 14); Wood's Memo Regarding Estate of John Michael Beshears, dated July 6, 2009 (Doc. 78 at 15-17); and Second Amended Report by Richard Crites, dated October 24, 2018 (Doc. 78 at 18-26).  Except for Wood's objection to the legal conclusions of Beshears' expert, no objections have been made as to the admissibility of the evidence presented.  *See* Fed. R. Civ. P. 56(c)(2); *Johnson v. United States Postal Serv.*, 64 F.3d 233, 237 (6th Cir. 1995) ("[F]ailure to object to evidentiary material submitted in support of a summary judgment motion constitutes waiver of those objections.").

[3] The Court notes that the expert report is unsworn, however, Wood does not object to the report on this basis.  *See* 11 Moore's Federal Practice - Civil § 56.94 (2019) (expert reports introduced in summary judgment must be a sworn document or declared to be true under penalty of perjury).

[4] In so concluding, the Court does not agree with Wood's contention that there can be no attorney-client relationship between Wood and Beshears in the probate action because (1) the Court appointed different counsel to represent Beshears in the probate action and because (2) Wood represented the Reynolds in the probate action.  These facts do not conclusively demonstrate that there was no attorney-client relationship between Wood and Beshears.  *See Fox*, 215 S.W.3d at 261 ("[A]n attorney-client relationship exists when a person seeks and receives legal advice and assistance from a lawyer who intends to give legal advice and assistance to the person.").

The Court is left with the allegations in the Complaint. However, Beshears cannot rely on allegations in the Complaint in opposing summary judgment. *See Celotex Corp.*, 477 U.S. at 324 (proper to oppose summary judgment motion by evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Although Beshears' Complaint alleges the existence of an attorney-client relationship between Beshears and Wood in the probate action (Doc. 22), Beshears has not presented evidence upon which a reasonable juror could find as much. Therefore, Beshears has not shown that there is a genuine issue of fact on whether an attorney-client relationship existed between Beshears and Wood in the probate action.

Because there is not sufficient evidence favoring Beshears on the attorney-client relationship element for a jury to return a verdict for Beshears on his claim, Wood is entitled to judgment as a matter of law in his favor on Beshears' Complaint. Accordingly, Defendant Wood's Motion for Summary Judgment is **GRANTED**. (Doc. 42.)

## II.     Motion for Sanctions

In his motion for sanctions, Wood contends that Beshears has engaged in discovery misconduct. Wood seeks sanctions under Fed. R. Civ. P. 37 for an order striking Beshears' Complaint, striking Beshears' expert report, and/or preventing Beshears from supporting his claim for legal malpractice with the testimony of Beshears' expert. (Doc. 81.) Given that the Court grants summary judgment in Wood's favor, and Wood does not seek payment of expenses or argue for sanctions under Rule 11, Wood's motion for sanctions is **DENIED** as moot.

**IT IS SO ORDERED.**


                                                            s/ Roseann A. Ketchmark
                                                            ROSEANN A. KETCHMARK, JUDGE
                                                            UNITED STATES DISTRICT COURT

DATED:  March 5, 2019